IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALPHONZA LEONARD PHILLIP THOMAS BEY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    1:20CV365<br>) |
| THE STATE OF NORTH CAROLINA, et al., | )<br>) |
| Defendant(s). | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina serving a sentence of life in prison following convictions for murder and arson, submitted a *pro se* complaint and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names the State of North Carolina and the United States of America as Defendants in the case and contends that a number of his constitutional rights have been or are being violated. Plaintiff's documents are rambling and somewhat difficult to decipher. However, they are all based on the contention that he is a "Moorish-American National" and that, because of this fact, neither North Carolina nor the United States of America has jurisdiction over him. He also relies on commercial, civil, and admiralty law in his pleadings. Plaintiff views his incarceration as violating his rights under the United States Constitution. Plaintiff seeks

his release from prison, absolution from any past, present, or future state or federal charges, and $100,000,000 on a credit card as relief.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.  In this regard, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and fails to state a claim upon which relief may be granted.

As an initial matter, the Court notes that Plaintiff is attempting to undermine his convictions or sentences for murder and arson.  Plaintiff may not do so without first showing that such convictions were reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477 (1994).  Plaintiff fails to do so and, therefore, dismissal is proper for this reason alone.

Further, Plaintiff previously attempted to attack his convictions in a habeas corpus petition under 28 U.S.C. § 2254 in case 1:16CV524 using essentially the same theories he raises here.  The Court dismissed that case *sua sponte* on its merits and informed Plaintiff that commercial and civil law cannot be used to invalidate a criminal conviction or sentence and that a person's nationality or ethnicity are not relevant to the validity of a conviction.  Specifically, a person's claimed identity as a Moorish American does not absolve them of

3

criminal liability or prevent courts from exercising jurisdiction over them. See also El-Bey v. United States, No. 1:08CV151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009) (unpublished) (collecting cases rejecting "Moorish" identity claims). Plaintiff again raised those claims in another civil action, case 1:19CV692, which the Court dismissed for being frivolous. Still, he now persists in raising these frivolous contentions for a third time in the present action, apparently still believing that he can simply declare himself a Moorish American National and avoid the consequences for murder and any other crimes he has committed or may commit in the future. His claims remain frivolous and should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be authorized, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $20.00. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $20.00.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of October of 2020, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous and for failing to state a claim upon which relief may be granted.

This, the 13th day of October, 2020.

     /s/ Joi Elizabeth Peake
United States Magistrate Judge

5

Case 1:20-cv-00365-TDS-JEP    Document 4    Filed 10/13/20    Page 5 of 5